IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN GLOVER,** | : | CIVIL ACTION NO. 1:24-CV-1561 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **SPIRITRUST LUTHERAN,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Edwin Glover brings claims of retaliation and discrimination against his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. AND CONS. STAT. ANN. § 951 *et seq.* Defendant SpiriTrust Lutheran moves to dismiss Glover's Title VII and PHRA claims as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6). The court will grant the motion in part and deny it in part.

**I.      Factual Background & Procedural History**

SpiriTrust hired Glover in April 2022 as a buildings and grounds specialist. (See Doc. 1 ¶ 10). Glover, an African-American man in his late fifties, was one of the oldest employees and the only African American in his department. (See id. ¶¶ 9, 11). Glover alleges he experienced discrimination due to his age and race. He claims supervisors assigned him "more difficult and strenuous tasks than his co-workers," including "random off jobs;" when he asked for help or said he could not complete certain physical tasks like climbing into attics, someone at SpiriTrust (he does not

say who) told Glover he could leave if he did not like his assignments. (See id. ¶¶ 12-13). One supervisor, Chris Ferrell, allegedly made disparaging remarks about Glover's race, joking that African Americans are "weak" compared to white men. (See id. ¶ 14). On one occasion, Ferrell purportedly mocked Glover's physical limitations by yelling to others that "the black guy's falling off the ladder!" (See id. ¶ 15). Glover claims Ferrell and another supervisor named Todd would gossip about him and "immediately stop talking whenever [Glover] entered the area." (See id. ¶ 16).

  Matters came to a head one Thursday in June 2023 when Todd assigned Glover a task and directed another coworker, Dave, to assist him. (See id. ¶¶ 17, 18). Dave was another older employee who was physically unable to "perform much work." (See id. ¶ 18). Given Dave's physical limitations, Glover had to complete most of the work by himself; he worked six hours without a break. (See id. ¶¶ 19-20). Glover expressed his frustrations to Todd, who purportedly became upset and started arguing with Glover. (See id. ¶¶ 21-22). Glover called SpiriTrust's "head director," Jill, after work that day to complain about the discriminatory treatment, and she told him she would "handle it." (See id. ¶¶ 24-25). He also "informed [Jill] of his intended absence for the following day." (See id. ¶ 28). Glover worked his regular shifts the next Monday and Tuesday without incident, but when he returned to work on June 6, 2023, Todd terminated him for "call[ing] out" the previous Friday, characterizing it as a "no call, no show." (See id. ¶¶ 26-27).

Nine months later, on March 7, 2024, Glover filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (See Doc. 6-1).[1] He also submitted a signed form requesting that the EEOC transmit the charge to the Pennsylvania Human Relations Commission ("PHRC") for dual filing. (See id. at 4). The EEOC notified Glover of his right to sue on July 1, 2024, (see Doc. 1-1), and this lawsuit followed. Glover brings claims of retaliation and discrimination under Title VII (Counts I and II), age discrimination under the ADEA (Count III), and discrimination under the PHRA (Count IV). (See Doc. 1 ¶¶ 32-49, 60-68). SpiriTrust now moves to dismiss the Title VII and PHRA claims pursuant to Rule 12(b)(6). The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider

---

[1] Glover did not attach his EEOC charge to his complaint. Fortunately, both parties submitted it as an exhibit to their respective briefs. (See Doc. 6-1; Doc. 8-2).

"exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint. FED. R. CIV. P. 8(c). Nevertheless, the court may dismiss a complaint as time-barred under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); see Oshiver v. Levin, Fishbein, Sedran

4

& Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). This deficiency must be apparent on the face of the pleading. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted). Our court of appeals has explained that the meaning of "the face of the complaint," as it relates to asserting affirmative defenses in a motion to dismiss, is coextensive with the general Rule 12(b)(6) limitations. Id.; see also Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 280 n.52 (3d Cir. 2016) (citations omitted) (discussing raising affirmative defense of preclusion in Rule 12(b)(6) motion). Thus, materials properly considered include not only the complaint but also matters of public record, exhibits attached to the complaint, and undisputed materials embraced by the complaint but provided by the defendant. See Schmidt, 770 F.3d at 249; Hoffman, 837 F.3d at 280 n.52.

### III. Discussion

SpiriTrust challenges Glover's PHRA and Title VII claims on timeliness grounds. The parties agree that Glover dually filed his charge with the EEOC and asked the agency to transmit the charge to the PHRC on March 7, 2024—275[2] days after SpiriTrust terminated his employment. (See Doc. 6-1 at 4; Doc. 8-1 at 8-9).

The company contends that Glover's PHRA claim is untimely because he did not file it within the statutorily prescribed 180-day period from the last date of alleged discrimination. (See Doc. 6 at 17-18). Glover does not dispute that he filed

---

[2] The court notes that the parties agreed, incorrectly, that the charge was filed 267 days after the last alleged act of discrimination. (See Doc. 6 at 10; Doc. 8-1, ECF at 2-3). In any event, this difference is immaterial in disposing of SpiriTrust's motion to dismiss.

his complaint with the PHRC more than 180 days after his termination, (see Doc. 8-1), and our court of appeals has made clear that the limitations period applies irrespective of whether a plaintiff dually files a charge with the EEOC and PHRA, see Mandel v. M&Q Packaging Corp., 706 F.3d 157, 164-65 (3d Cir. 2013). Accordingly, the court must dismiss Glover's PHRA claim as untimely.

As to Glover's Title VII claims, SpiriTrust argues that they are time-barred because Glover had to file them within 180 days of the last date of discrimination as well. (See Doc. 6 at 17). Although an EEOC regulation purports to extend the limitations period to 300 days when claims arise in states with investigating agencies akin to the EEOC, like the PHRC, see 29 C.F.R. § 1601.13(a)(4)(ii)(A), SpiriTrust contends that the regulation is entitled to no deference under the United States Supreme Court's recent, seminal decision Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), because it conflicts with the plain language of Section 706 (e)(1) of Title VII. (See Doc. 6 at 14-15). This section requires an aggrieved party to "initially institute" discrimination proceedings with the state agency to benefit from the extended limitations period. 42 U.S.C. § 2000e-5(e)(1).

Turning to the statutory background in greater detail, the applicable limitations period for employment discrimination claims under federal law may vary depending on the state in which the adverse employment action occurred. Before a plaintiff may file suit alleging violations of either Title VII or the PHRA in federal court in Pennsylvania, they must administratively exhaust their claims with the appropriate agency. See Mandel, 706 F.3d at 163; Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999). To meet this requirement for Title VII claims, a

6

complainant must file a charge of discrimination with the EEOC within 180 days of an allegedly unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1). Under the PHRA, a complainant must similarly file a verified complaint with the PHRC within 180 days of the allegedly unlawful practice. See 43 Pa. Stat. and Cons. Stat. Ann. § 959(a), (h). Title VII expressly extends the time limit for filing a charge with the EEOC from 180 to 300 days if a complainant "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." See 42 U.S.C. § 2000e-5(e)(1).

When a complainant initially institutes proceedings with a state or local agency, the complainant ordinarily may not file a charge with the EEOC for sixty days, unless the state or local proceedings terminate earlier. See 42 U.S.C. § 2000e-5(c). This deferral period is designed to afford state and local agencies "an opportunity to combat discrimination free from premature federal intervention." See EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988). Pennsylvania is a "deferral state" because the Commonwealth authorizes the PHRC to investigate employment discrimination claims, so complainants may benefit from the 300-day limitations period under federal law. See Mercer v. SEPTA, 608 F. App'x 60, 63 n.2 (3d Cir. 2015) (nonprecedential). That said, the deferral period is effectively a nullity in Pennsylvania and other states where the EEOC has "enter[ed] into written agreements" with state or local agencies to promote "effective enforcement" of Title VII. See 42 U.S.C. U.S.C. § 2000e-8(b). These "workshare agreements" typically include a provision waiving the sixty-day deferral period, thereby allowing the

EEOC to immediately process a charge. See Commercial Office Prods., 486 U.S. at 112 (citations omitted).

Pennsylvania has waived its exclusive authority to address allegations of workplace discrimination administratively within sixty days pursuant to a workshare agreement with the EEOC. See Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 879 (3d Cir. 1990). Thus, complainants may immediately file their claims with either the PHRC or EEOC, or they may "dual file" their verified complaint or charge with one agency and have that agency "transmit" the filing to the other.[3]

Moving back to the case at hand, this court need not, and so does not, wade into a discussion of Loper Bright as existing circuit precedent dictates the outcome here. In 1983, our court of appeals issued a decision in Kocian v. Getty Refining & Marketing Co., 707 F.2d 748 (3d Cir. 1983). In that case, the court found the plaintiff failed to timely file her EEOC complaint and so dismissed her Title VII claim. Id. at 752. Crucially, however, the plaintiff in Kocian only filed her complaint with the EEOC, which did *not* forward the complaint to the state agency. Id. at 750. The Kocian court explained that if "the EEOC had deferred [the plaintiff's] charge[,] she would have been entitled to the 300-day period." Id. at 751. This is true

---

[3] The final page of the EEOC charge attached to both parties' briefs is a form entitled "Information For Complainants & Election Option to Dual File With The Pennsylvania Human Relations Commission." (See Doc. 6-1 at 4; Doc. 8-2 at 4). The form includes signature and date lines below text stating, "I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC." (See Doc. 6-1 at 4; Doc. 8-2 at 4).

notwithstanding the fact that the plaintiff's charge would have been untimely under state law. Id. Though it dismissed the plaintiff's case, the court made clear that "the 300-day limitations period is available to a litigant in a deferral state only when *the EEOC* or the litigant has instituted state or local proceedings." Id. at 752 (emphasis added).

In this case, Glover's charge to the EEOC requested it be transmitted to the PHRC. (Doc. 6-1 at 4). While there may be a factual issue as to whether the transmission actually occurred, for the purposes of a motion to dismiss, the court must take the allegations in the light most favorable to Glover. As nothing has been provided to the contrary, the court will assume Glover's charge was transmitted to the PHRC. Thus, Kocian compels this court to deny SpiriTrust's motion to dismiss Glover's Title VII claim as it was filed within 300 days of the alleged discrimination.

## IV.     Conclusion

A PHRA claim must be made within 180 days of the alleged discrimination and because Glover's charge was filed outside that range, that claim must be dismissed. However, his Title VII claim benefits from a 300-day filing window and so that claim survives. The court will therefore grant SpiriTrust's partial motion (Doc. 5) in part. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    May 28th, 2025

9